

Revised 03/06 WDNY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**FORM TO BE USED IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**
(Prisoner Complaint Form)

14CV6216



All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.**     **Full Name And Prisoner Number of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1.   JARVIS EIDER , DIN: 09B0562

2.

                                        -VS-

**B.**     **Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. J. MCCARTHY, Sergeant          4. ALBERT PRACK, Dir. of special Housing

2. T. MACINTYRE, Correction Officer     5. MARK L. BRADT, SUPERINTENDENT

3. KEN. KLING, Hearing officer / Voc. Supr. 6.

UNITED STATES DISTRICT COURT
FILED
MAY 1 2012
WESTERN DISTRICT

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: JARVIS EIDER, DIN: 09 B0562

Present Place of Confinement & Address: GreatMeadow Correctional Facility,
Box 51, ComStock, New York 12821

Name and Prisoner Number of Plaintiff:

Present Place of Confinement & Address:

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: _J. Mc CARTHY_

(If applicable) Official Position of Defendant: _Sergeant_

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: _ATTICA CORRECTIONAL FACILITY, P.O. BOX 149,_

_ATTICA, NEW YORK, 14011-0149_

Name of Defendant: _T. MACINTYRE_

(If applicable) Official Position of Defendant: _Correction officer_

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: _ATTICA CORRECTIONAL FACILITY, P.O. BOX 149,_

_ATTICA, NEW YORK, 14011-0149_

Name of Defendant: _KEN, KLING_

(If applicable) Official Position of Defendant: _Vocational Supervisor_

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: _ATTICA CORRECTIONAL FACILITY, P.O. BOX 149,_

_ATTICA, NEW YORK, 14011-0149_

---

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**
Yes ✓ No ___

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): _JARVIS EIDER_

   Defendant(s): _SUPERINTENDENT MARK L. BRANT, et al_

2. Court (if federal court, name the district; if state court, name the county): _UNITED STATES_
   _DISTRICT COURT, WESTERN DISTRICT OF NEW YORK_

3. Docket or Index Number: _13-CV-6373_

4. Name of Judge to whom case was assigned: _CHARLES J. SIRAGUSA_

2

5.    The approximate date the action was filed:_____ $10/23/12$_____

6.    What was the disposition of the case?

      Is it still pending? Yes____ No ✓

            If not, give the approximate date it was resolved._____ $1/8/14$_____

      Disposition (check the statements which apply):

      ____ Dismissed (check the box which indicates why it was dismissed):

            ____  By court *sua sponte* as frivolous, malicious or for failing to state a claim
                  upon which relief can be granted;

            ____  By court for failure to exhaust administrative remedies;

            ____  By court for failure to prosecute, pay filing fee or otherwise respond to a court
                  order;

            ✓     By court due to your voluntary withdrawal of claim;

      ____ Judgment upon motion or after trial entered for

            ____ plaintiff

            ____ defendant.

**B.**   Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

         Yes____  No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment,
use this same format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

      Plaintiff(s):_____

      _____

      Defendant(s):_____

      _____

2.    District Court:_____

3.    Docket Number:_____

4.    Name of District or Magistrate Judge to whom case was assigned:_____

5.    The approximate date the action was filed:_____

6.    What was the disposition of the case?

      Is it still pending? Yes____ No____

            If not, give the approximate date it was resolved._____

3

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

    ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    ____ By court for failure to exhaust administrative remedies;

    ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    ____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

    ____ plaintiff

    ____ defendant.

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

4

DEFENDANTS INFOFMATION SUPPLEEMENT SHEET

Name of Defendant: ALBERT PRACK
Offical Position of Defendant: Director of special housing
Defendant is sued in-√ individual and/or √ official capacity
Address of Defendant:Department of corrections and community supervision
The Harriman State Campus - Building 2
1220 Washington Avenue, Albany, N.Y. 12226-2050


Name of Defendant: MARK L. BRADT
Official Position of Defendant; Superintendent
Defenant is Sued in √ individual and/or √ officialcapacity
Adress of Defendant: ATTICA CORRECTIONAL FACILITY, P.O. BOX 149,ATTICA
N.Y.14011-0149

A. FIRST CLAIM: On(date of the incident) I was Keeplock on 9/1/12 for a fire that was set to my cell while I was at chow in the after, I:am : Housed in A-Block/1 company/ cell-23. I was moved to C-block/34 company/cell-16 on 9/16/12 and was issued a Misbehavior report on 9/10/12 for the following rules 116.10 stealing and 116.12 forgery.

Defendant's(give the name and position of each defendant involved in this action: SERGEANT, J. McCARTHY author of the Misbehavior Report.

Did the following to me(Briefly state what each defendant name above did):

1. SERGEANT, J. MCCARTHY at ATTICA CORRECTIONAL FACILITY, (herein DOCCS) Wrote a Misbehavior report on 9/10/12 and I was served a copy of that Misbehavior report by C.O. Rogers on 9/11/12 at 10:00 a.m. in C=block /34-company/cell-16.

2. The Misbehavior Report state: on the above date and time, I Sergeant McCARTHY issued this misbehavior report on Inmate ELDER 09B0562 due to an investigation I recieved on 9/4/12 of Inmate Lawrence 97A7376 who locks in A-1-20 cell pertaining to possible disbursement forgies against his account. The same day I discovered that Inmate ELDER 09B9562 who locked in A-1-23 cell, cell was set on fire by an unknown Inmate on 9/1/12 during the afternoon chow run.

3. On 9/4/12 I also recieved reliable confidential information thatInmate Lawrence is involved in possible drug actvity as well the arson of Inmate ELDER cell. I ordered a cell frisk on Inmate Lawrence cell A-1 -20 and various Items of contraband were found including an address list, phone list, a completed 2706 Disbursement form with envelope, all these Items mention belong to Inmate ELDER 09B0562 and were confiscated and added to my investigation packet.

4; On 9/5/12 I interviewed Inmate ELDER about the fire and showed ELDER the three Items that were confiscated from Inmate Lawrence cell and asked him if they are his. Inmate ELDER stated that all three Items his. I then asked if he filled out and signed the 2706 form with

1

his name on it, ELDER stated "yes".

5.5. It' should be noted that the hand writing on Inmate ELDER personal 2706 matches all of the 2706 forms with Inmate Lawrence name numbers on it that are in questrion in the investigation, therefore it is my belief that Inmate ELDER forged all the 2706 forms Inmate Lawrence's name on it totaling $630.00, all evidence was bagged, tagged and placed in the contraband office by myself, SGT. McCARTHY. this investigation is still on going. SEE EXHIBIT A.

6. The Plaintiff recieved a NOTICE OF ENTRY from the SUPREME COURT of the STATE OF NEW YORK, APPELATE DIVISION, FOURTH JUDICIAL DEPARTMENT dated 3/21/14 ordered that the determination is unanimously annulled the law with out cost.

7. Quoting, there is no indication in the Misbehavior Report that SERGEANT showed the other Inmate the disbursement forms or that the other Inmate claimed that it was not his signature on the forms. SEE. EXHIBIT G.

THE CONSTITUTIOAL BASIS FOR THIS CLAIM UNDER 42 U.S.C§ 1983 is:

8. Under those procedures, when an Inmate violates an Inmate rule, the alleged incident of misbehavior must be report in a written, specific and particularized summary (7NYCRR 251-3.1 [c][1].

9. SERGEANT McCARTHY misbehavior report is inaccurate. It list facts concering two separate incidents, it niether ties those incidents together to the Plaintiff nor particularizes the misbehavior report to support the violation charged. The misbehavior report is vague and not in conformance with (D.O.C.C.S) standards, (7NYCRR 251-3.1 (a)(b) (c)(4).

10. The Plaintiff was confined on 9/1/12 for a incident that happen to me and was issued a misbehavior report on 9/10/12. The Plaintiff on 9/14/12 objected to the violation at the Tier 3 hearing conducted KEN. KLING hearing officer at 1.37 P.M. SEE EXHIBIT C. TRNSCRIPTS PAGE 3.

2

11. The Plaintiff on 9/21/12 question SGT. McCARTHY credibility about the
    misbehavior report he wrote on me from 9/10/12 at the hearing, I ask
    him do he have a degree or qualify as a hand writing specialist as a
    correctional officer, his rersponse was no. I ask the SGT McCARTHY
    is it policy for correctional officers to ask for name and din numbers
    of the Inmate prior to giving out mail, legal mail and taking. his
    reponse was yes. I ask the SGT. McCARTHY prior to his investigation
    from 9/4/12 til 9.10.12 the issue a misbehavior report of Inmate ELDER
    I would like to know that can any of these officers that took a
    disbursement form from Inmate ELDER with Inmate lawrence name and
    numbers on it. His response was he wouldn't be able to tell. SEE.
    EXHIBIT C. Transcripts pages 8-9.

12. I was found guilty on 9/21/12 because of this misbehavior report, the
    penalty imposed to the Plaintiff was loss of packages, phones, rec. 6
    months in S.H.U and $630.00 restitution.

13. This Defendant violated My Eighth Amendment for cruel and unusual
    punishment and fourteenth Amendment Due Process.

    THE DEFENDANT VIOLATED MY CONSTITUTIONAL RIGHTS:(state the relief sought:
    The Plaintiff would like to be Compensated 100 Dollars a day for
    wrongfull confinement for the 6 months spent in S.H.U. in the total
    sum of $18,000.00. Praying for judgement against this defendant.


    EXHAUSTION OF YOUR ADMINISTRATIVE REMRDIES FOR THIS CLAIN

    Did you grieve or appeal this claim √ yes ___no If yes, what was the
    result?
    I appeal this issue to Albert Prack Directopr of Special Houing and was
    AFFIRMED on 12/6/12 SEE. EXHIBIT D.
    Did you appeal that decision? √ yes ___no If yes, what was the result?
    I commenced a CPLR ARTICKE 78 in Wyoming County Supreme Court on 2/5/13
    granted Petitioner's application, returnable on 4/4/13, before a special
    term of that Court. THIs ARTIGLE Z8 proceeding transferred, pursuant to
    CLPR 7804 (g) by the Wyoming County Supreme Court (DADD, T.A.J.S.C)
    dated june 10,2013 and entered on June 18, 2013. SEE EXHIBIT E.

3

This ARTICLE 78 was returnable on 1/13/14, before a special term of the
Court at Supreme Court of the State of NEW YORK APPLATE DIVISION, FOURTH
DEPARTMENT.

MEMORANDUM AND ORDER by that Court, the Petition is granted and
respondent is directed to expunge from Petitioner's institutional record
all references to the violatiom of Inmate rules 116.10 (7NYCRR 270.2 [B]
[17][i] and 116.12 (7NYCRR 270.2 [b][17][iii].SEE  EXHIBIT  F AND G.

A. SECOND CLAIM: On (date of the incident) 9/13/12, time 11:30 A.M.

   Defendant(give the name and position held of each Defendant involved in
   this incident) CORRECTIONS OFFICER T.MACTNTYRE, employee assistant for
   misbehavior report.

   Did the following to me (Briefly state what each defendant name above
   did):

1. C.O. T.MACYNTYRE at ATTICA CORRECTIONALFACILITY, (herein DOCCS) Came to
   my cell on 9/13/12 to conduct employee asssistance for a misbehavior
   report that was written on me 9/10/12. I told C.O. that I am requesting
   for the following information: the officers who signed the Disbursement
   forms at the hearing, hand writing specialist, directive on chapter v.v
   SGT.MCCARTHY to be at the hearing and Inmate Lawrence and forgery
   directive. SEE. EXHIBIT B. page 1,2.

2. C.O.  T. MACTNTYRE left my cell and was gone no more than 20 minutes, as
   He came back to my cell again, He told me that Inmate Lawrence refused
   to testified.

3. I said, " did this Inmate say why"? C.O. T. MÁCTNTYRE said he does not
   want to testify, I said, that not a good enough reason for his response.

4. I ask C.O. T. MACTNTYRE were are the disbursement forms I was accused of
   signing, his response was I can get that in the hearing, I said, I am
   entitled to this paper work so I canprepare my defense on my part.

5. The plaintiff asked for chapter v. also so I can read about the rules
   of atier 3 hearing proceeding, his response was there is no directive on

4

forgery and chapter v. The plaintiff said you are not getting the
necessary documents for me I asked for, This employee assistant
never question the officers I requested for neither. I sign the
employee asssistant form then He walked off.

6.   The plaintiff started my tier 3 hearing on September 14,2012 held
     by KEN. KLING at 1:37p.m. and I objected to my employee assistant.
     SEE EXHIBIT C. Transcripts 2,4-5.

7.   The plaintiff was still found guilty on 9/21/12 from not having the
     documents I asked for from my employee assistant and the penalty
     imposed was loss packages, phones, commissary, recreation, 6 months
     in S.H.U. and $630.00 restitution.

     THE CONSITITUTION BASIS FOR THIS CLAIM UNDER 42 U.S.C. 1983 is:
     C.O. T. MACINTRYE is in violation of employee assistant (7NYCRR 251
     -4.1,4.2). Therefore this ia adirect violation of the plaintiff
     Eighth Amendent and Fourteenth Amendent.

     THE RELIEF I AM SEEKING FOR THIS CLAIM IS (Briefly state the relief
     sought): This defendant violated my constitutional rights and the
     plaintiff would like to be compensated 100 do$lars a day for Wrongful
     confinement, for the 6 months spent in S.H.U. in the total sum of
     $18,000.00.   Praying for judgement against this defendant.

     EXHAUSTION OF YOUR ADMINISTRATIVE REMEDIESFOR THIS CLAIM

     Did you grieve or appeal this claim √ yes___no if yes, what was the
     result? I appeal this issue to ALBERT PRACK Director of special
     housing and was Affired on 12/6/12.

     Did you appeal that decision √ yes___no if yes. what was the result
     I commenced a CPLR ARTICLE 78 in Wyoming Cpunty Supreme Court  on
     2/5/13 granted Petitioners application. Returnable on 4/4/13, before
     a special term of that Court....

This Article 78 proceeding transferred, pursuant to CLPR 7804(G) by order of the Wyoming County Supreme Court (DADD, T.A.J.S.C.) dated june 10,2013 and entered on june 18,2013.

This Article 78 was returnable  on 1/13/14, before a special term of the Court at Supreme Court of the STATE OF NEW YORK APPELLATE DIVISION, FOURTH JUDICIAL DEPARTMENT.

MEMORANDUM AND ORDERED by that Court, the petition is granted and respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rules 116.10 ( 7NYCRR 270.2 [B][17][i] and 116.12 (7NYCRR 270.2 [B][17[iii].

A.   THIRD CLAIM: on (date of the incident) 9/14/12 and 9/21/12, tier 3 hearing dates.

Defendant (give the name and position held of each defendant in this defendant) KEN. KLING, Hearing Officer.

Did the following to me(Briefly state what each defendant name above did):

1.   Hearing Officer KEN. KLING, at ATTICA CORRECTIONAL FACILITY (herein DOCCS). Conducted this hearing, the plaintiff voiced his procedural objection through this proceeding.

2.   The plaintiff inquired to the hearing offficer about why inmate lawrence 97A7376 didtn't want to testify, the hearing officer response was I will ask him he said on the form that all he wrote does not want to testify.

3.   The plaintiff said, in this case he is the issue they filed against me and that is the reason I wanted to bring him here. The hearing officer response was I can't force him to testify if He refused to I don't have that authirity. SEE EXHIBIT C. Transcripts pages 2.

6

4.  The plaintiff objected to the Misbehavior report written on me 9/10/12, about me being confined since 9/1/12 from a fire to my cell with no ticket and now just got served 9/10/12 for a ticket on forgery and stealing. SEE. EXHIBIT C. Transcripts pages 3-4.

5.  The plaintiff inquired about the witness I wanted at the hearing Inmate Lawrence, Sergeant McCARTHY, Officera who signed the disbursement forms. The plaintiff told the hearing officer how to locate these witness who signed these disbursement forms by Identify them by there signatures on these forms. Hearing officer response was I looked and I am going to be honest with I can't tell by. SEE. EXHIBIT C. transcripts pages 4,5.

6.  The plaintiff voiced certain documents I never got copies of that I am entitled to far as evidence, because my employee assistant didn't bring none of this evidence to me. I said this He threw me off my asssistant he didn't want to help me or nothing like that so I have no copy of what I am accused of the dates and times. All I have is the Misbehavior and I am entitled to see the evidence that is accused against me, Hearing Adjouned. SEE. EXHIBIT C. Transcripts pages 5.

7,  The plaintiff voiced on 9/21/12 when the hearing recanvenecabout evidence I can't present to produce and my cell was("f" up) and did not steal nothing. SEE. EXHIBIT C. Transcripts pages 7,8.

8.  The plaintiff called Sergeant McCARTHY to the hearing as a witness and asked him several question far as does qualify as a hand writing specialist, his response was no.

9.  The plaintiff asked the Sergeant is it policy to check a inmate names numbers before giving out, legal mail and taking, his response was yes. I ask him prior to his investigation from 9/4/12 til 9/10/12 can any of these officers can say they took disbursement forms me his response was He wouldn't be able tell and He can't answer for those officers.

10.   The plaintiff asked SGT. McCARTHY so there is no relieable proof
saying that an officer is safe to safe that they took these
disbursement forms from me, his response is I will just tell you
strait out no because  since there not being identified about the
disbursement form we can't ask them. SEE. EXHIBIT C. Transcripts
pages 7-9.

11.   The plaintiff voiced my opinion about why my information was
found in this inmate cell that I object to and witness that I
never looked into the evidence that I was accused of. SEE. EXHIBIt
C. Transcripts pages 10-12.

12.   The plaintiff was found guilty of all charges, the penalty imposed
was 6 months on each of the following S.H.U., recreation, packages,
and commissary and restitution $630.00 because hearing officer   .
relied upon is verbal testimony given by SGT. McCARTHY who author
the misbehavior report. SEE. EXHIBIT C Transcripts pages 12-13.

THE CONSTITUTION BASIS FOR THIS CLAIM UNDER 42 U.S.C 1983 IS :

The hearing officer KEN. KLING violated administrative proceedings
at a hearing the inmate may call witness on his behalf and may
reply orally to the charge (7NYCRR 254.5 (a)(b)(c), 254.6 [a][3]
(7NYCRR 251-4.1, 4.2) (7NYCRR 251-3.1 [c][1]. Denial of witnesses,
Documents and misbehavior was not support by substanial evidence.
Therefore this direct violation of the plaintiff Fourteenth Amendment
THE RELIEF I AM SEEKING FOR THIS CLAIM IS ( BRIRFLY STATE THE   :
RELIEF SOUGHT):

This defendant violated my constitutional rights and the plaintiff
would like to be compensated $100.00 a day for wrongful confinement
for the 6 months in spent inS.H.U. in the total sum $18,000.00
praying for a judegment against this defendant.

EXHAUSTION OF YOUR ADMINISTRATIVE REMEDIES FOR THIS CLAIM

Did you grieve or appeal this claim ✓yes___no If yes, what was the

8

reslult? I appeal this issues to Albert Prack director special housing and was AFFIFED on 12/6/12.

Did you appeal that decision___yes___no If yes,what was the result? I commenced a CPLR ARTICLE 78 in Wyoming County Supreme Court on 2/5/13 granted ⸗petitioner's appicaltion returnable on 4/4/13, before a special term of that court.

This Article 78 proceeding transferred, prusuant to Cplr 7804(g) by order of the Wyoming County Supreme Court (DADD,T.A.J.S.C.) dated June 10,2013 and entenred on June 18,2013.

This Article 78 was returnable on 1/13/14, before a special term of the Court at Supreme Court of the State Of New York Appelate Division Fourth Department.

MEMORANDUM AND ORDER by that Court, the Petition is granted and respondent's is directed to expunge from Petitioner's institutional record all references to the violation of inmate rules 116.10 (7NYCRR 270.2 [B][17][i] and 116.12 (7NYCRR 270.2 [B][17][iii] SEE. EXHIBIT F and G.

A.. FOURTH CLAIM: on (date of the incident) 9/26/12 Requesting for Discretional Review.

Defendant(give the name and position held of each defendant involved in this action) MARK L. BRADT SUPERINTENDANT, ATTICA CORRECTIONAL FACILITY, P.O. BOX 149, ATTICA, NEW YORK14011-0149.

Did the following to me( briefly state what each defendant name above did):
1. The plaintiff wrote to Superintendant Mark L. Bradt, requesting for discretional review on 9/22/12 pertaining to myprocedural rights have been violated.
2. The plaintiff said my employee assistant didn't bring me certain documents I requested for chapter V., disbursement I am accused of forging, didn't talk to any of the officers that signed the disbursement forms.

9

3. The hearing officer didn't make a inquire while the inmate refused totestified and the officers I requested for the hearing, the misbehavior report is not in compliance with (D.O.C.C.S. standards.

4. This proceeding is inviolation with ( 7NYCRR 251-4.1,4.2) (7NYCRR 251-3.1[c][1] (7NYCRR 254.5,254.6[a][3]. can you please look into this matter. SEE. EXHIBIT H.

5. The plaintiff recieved a Memorandum from Attica Correctional Facility office of the Superintendant, MARK L. BRADT pertaining to my Discretionary review Dated 9/26/12. In reponse from the Superintendant after review, I find no reason to modify the disposition rendered. SEE. EXHIBIT H.

## THE CONSTITUTIONAL BASIS FOR THIS CLAIM UNDER 42 U.S.C 1983 is:

Superintendant MARK L. BRADT is in violation of (7NYCRR 254.9 . Discretionary review by Superintendant, the plaintiff address issues of misconduct that violation my procedural due process rights. This Defendant violated my FOURTEENTH ADMENDMENT.

## The relief I am seeking for this claim is (Briefly state the sought)

This defendant violated my constitutional rights and the plaintiff would like to be compensated $100.00 dollars a day for wrongfull confinement, for the 6 months spent in S.H.U. in the total sum $18,000.00 Praying for a jugegment against this defendant.

## EXHAUSTION OF YOUR ADMINISTRATIVE REMEDIES FOR THIS CLAIM:

Did you grieve or appeal this claim ✓ yes ___ no If yes, what was the result? I appeal this issue to Albert Prack director of special housing and was AFFIRED on 12/6/12.

Did you appeal that dicision? ✓ yes ___ no If yes, what was the result? I commenced a  CLPR ARTICLE 78 in Wyoming County Supreme Court on 2/5/13 granted petitioners application, returnable on 4/4/13, before a special term of that Court.

10

This ARTICLE 78 proceeding, transferred, pursuant to CPLR 7804(g) by order of the Wyoming County Supreme Court (DADD, T.A.J.S.C.) dated June 10,2013 and entered on June 18,2013.

This ARTICLE 78 was returnable on 1/13/14, before a special term of the Court at Supreme Court of the State of New York Appelate Division Fourth Judicail Department.

MEMORANDUM AND ORDER by that Court, the petition is granted and respondent is directed to expunge from petiyioner's institutional record all refences to the violation of inmate 116.10(7NYCRR 270.2 [B] [17][i] and   (7NYCRR 270.2 [B][17][iii].

A.   FIFTH CLAIM: on (date of the incident0 12/6/12 AFFIRMED DECISION.

Defendant(give the name and position held of each defenant involved in this incident) ALBERT PRACK Director of special hpusing Inmate Disciplinary Program.

Did the following to me (Briefly state what each defendant name above did):

1.   ALbERT PRACK At  Department of Correctional and Community Supervision The Harriman Campus- Building 2, Albany, N.Y. 12226-2050 (herein D.O.C.C.S.).

2.   The plaintiff submitted a Administrative appeal, recieved on 11/16/12 Dept. of Correctional services.

3.   The plaintiff addressed the following issues, I objected to Tier 3 assistant because I was never brought the directive of timeliness to for chapter 5 and 6 title 7 of New York Codes rules and Regulation (7NYCRR) I was not happy with his assistant.

11

4.    I was never given or able to witness the documents that they accused
      me of forging, so I was deprived of preparing my defense.

5.    I was denied the request of hearing the officers present that signed
      the 2706 disbursement forms  they were never located or questioned
      about the disbursement forms they signed off on.

6.    The witness refused to testify and the case was dealing with him,
      there was no statement declaring that those disbursement forms came
      me.

7.    This Defendant AFFIRMED this Decision on 12/6/12 from the Tier 3
      hearing on 9/21/12 SEE. EXHIBIT D.

      CONSTITUTIONAL BASIS FOR THIS CLAIM UNDER 42 U.S.C. 1983 is:

      This defendant violated (7NYCRR 254.8.of chapter v. appeal procedures
      When the plaintiff address the following procedural violation had
      occurred in my disciplinary hearing from 9/14/12,9/21/12. Denial of
      witness, documents and misbehavior  report is not supported by
      substantial evidence. Which is in violation of my FOURTEENTH AMENDMENT

      THE RELIEF I AM SEEKING FOR THIS CLAIM IS (BRIEFLY STATE THE RELIEF
      SOUGHT):

      This defendant violated my constitutional rights and the plaintiff
      would like to be compensated $100.00 dollars a day for wrongfull
      confinement spent 6 months in S.H.U in the total  sum $18,000.00.
      Praying for a judegment against this defendant.

      EXHAUSTION OF YOUR ADMINISTRATIVE REMEDIES FOR THIS CLAIM

      Did grieve or appeal this claim  √ yes___no If yes, what was the
      result?   I commenced a CLPR ARTICLE 78 in Wyoming County Supreme
      Court on 2/5/13 granted petitioner's application, returnable on
      4/4/13, before a special term of that Court.

                                    12

This Article 78 proceeding transferred, pursuant to CLPR 7804(g)
By order of the Wyoming County Supreme Court (DADD, T.A.J.S.C.) dated
dated June 10, 2013 and June 18,2013.

This Article 78 was returnable on 1/13/14, before a special term
of the Court at Supreme Court of the State of New York Appelate
Division, Fourth Judicial Department.

MEMORANDUM AND ORDER by that Court, the petition is granted and
respondent is directed ti expunge from petitioner's institutional
record all references to the violation of inmate rules 116.10(
&NYCRR 270.2[B][17][i] and 116.12(7NYCRR270.2[B[[17][iii].

### RELIELF SOUGHT

Summarize the relief requested by youtin each statement of claim above
Each of these defendants violated my constitution rights and requesting
$100.00 Dollars a day for the 6 months spent in S.H.U in the total
 sum $18,000.00. from each defendant, Praying for judgement against
each defendant.


Do you want a jury trial? yes√ no___

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _____ 4 /24 //4_____

(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Jarus Elder  -  Pro-se

JARUES EIDER   #09B1562

Signature(s) of Plaintiff(s)

7

**EXHIBIT   A**

FORM 2171A (4/01)    STATE OF N'   YORK - DEPARTMENT OF CORRECTIONAL SERVI   3

_____ A Hica _____   Correctional Facility

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NUM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| ELDER    JARVIS | 09B0562 | 34-16 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| A-block   / company | 9/10/12 | 1230 pm |

**3. RULE VIOLATION(S) & VIOLACIÓNES**

116.12   FORGERY , 116.10  STEALING

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

On the above date and time, I Sgt McCarthy issued this misbehavior report on Inmate Elder 09B0562 due to an investigation I recieved on 9/4/12 of Inmate Lawrence 97A7376 who locks in A-1-20 cell pertaining to possible disbursement forgerits against his account. The same day I discovered that Inmate Elder 09B0562 who locked in A-1-23 cell, cell was set on fire by an unknown inmate on 9/1/12 during the afternoon chow run.

On 9/4/12 I also recieved reliable confidential information that Inmate Lawrence is involved in possible drug activity as well as the arson of Inmate Elder's cell. I ordered a cell frisk on Inmate Lawrence's cell A-1-20 and various items of contraband were found including an address list, phone list a completed 2706 disbursement form with envelope, all these items mentioned belong to Inmate Elder 09B0562 and were confiscated and added to my investigation packet.

| 5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any) | SIGNATURES: | | |
|---|---|---|---|
| REPORT DATE ♦ FECHA | REPORTED BY ♦ INFORME DE LA PERSONA QUE HACE EL INFORME | RANK/TITLE ♦ RANGO | TITLE ♦ TITULO |
| 9-10-12 | M. Carthy | | Sgt |

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)    FIRMAS

1. _____

2. _____    3. _____

NOTE: Fold back Page 2 on dotted line before completing below.

| 6. WERE OTHER INMATES INVOLVED?   YES ☒   NO ☐   IF YES, GIVE NAME & #   Lawrence  97A7376 |
|---|

7. AT THE TIME OF THIS INCIDENT, WAS INMATE UNDER PRIOR CONFINEMENT/RESTRICTION?   YES ☐   NO ☒   OR

AS A RESULT OF THIS INCIDENT, WAS INMATE CONFINED/RESTRICTED? YES ☑   NO ☐   ☐

8. WAS INMATE MOVED TO ANOTHER HOUSING UNIT?   YES ☒   NO ☐

IF YES, (a) CURRENT HOUSING UNIT   C-3-5m   (b) AUTHORIZED BY ___ ___ ___

9. WAS PHYSICAL FORCE USED?  YES ☐   NO ☑   (IF YES, FILE FORM 2104)

AREA SUPERVISOR ENDORSEMENT ___ ___ ___

Dist:   WHITE - Disciplinary Office  CANARY - Inmate (After review)

FORM 2171C(2.01) STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

_____ ATTICA _____ Correctional Facility

**INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO**
**SUPPLEMENTARY SHEET ♦ HOJA SUPLEMENTARIA**

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre)  ELDER, JARVIS | NO. ♦ NUM  09B0562 | HOUSING LOCATION ♦ CELDA  34-16 |

On 9/5/12 I interviewed Inmate Elder about the fire and
showed Elder the three items that were confiscated from Lawrence's
cell and asked him if they are his. Inmate Elder stated that
all three items are his. I then asked if he filled out and signed
the 2706 form with his name on it, Elder stated "Yes."
It should be noted that the hand writing on Inmate Elders
personal 2706 form matches all of the 2706 forms with
Inmate Lawrence's name and number on it that are in
question in the investigation, therefore it is my belief
that Inmate Elder forged all the 2706 forms with
Inmate Lawrence's name on it totaling $650.00, all
evidence was bagged, tagged and placed in the contraband
office by myself, Sgt McCarthy. This investigation is
still on going.

| 7-10-12 | S. MCCARTHY | | | | S.t |
| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | | TITLE ♦ TITULO |

ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)

| 1.  SIGNATURE ♦ FIRMA | TITLE ♦ TITULO |

| 2.  SIGNATURE ♦ FIRMA | FILE ♦ TITULO |

Dist. WHITE - Disciplinary Office  CANARY - Inmate (After review)

**EXHIBIT   B**

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
ATTICA CORRECTIONAL FACILITY

## ASSISTANT FORM

COMPLETE BY  9/11/12 NOON
RETURN FORM TO T-3 OFFICE

TO:— ~~E. NOLAN / E. MACINTYRE / R. WORTHINGTON~~

FROM:  DISCIPLINE OFFICE
You have been selected to assist inmate:  ELDER _____  09B0562 ___ 34-16
                                                    Name            Din        Location
In a pending Tier 3 for a misbehavior report dated: 9-10-12

Pursuant to Section 251-4.2 of Chapter V, your role is to ensure that the inmate understands the charges, interview potential witnesses identified by the inmate, and report the results of your efforts to the inmate. You may also be requested to obtain relevant documentary evidence to assist in the preparation of the inmate's defense to the charges.

TO BE COMPLETED BY ASSISTANT:

I initially met with this inmate on ___9/13/12___, at _Approx. 11$^{20}$ am_
                                          Date               Time
He has requested the following inmates to be interviewed as potential witnesses:

| NAME | DIN | LOCATION | AGREES TO TESTIFY |
|------|-----|----------|-------------------|
| Lawrence | 97473 76a | 1-20$^{8}$ | YES ____ NO ✗ |
|  |  |  | YES ____ NO |
|  |  |  | YES ____ NO |
|  |  |  | YES ____ NO |

He has requested the following other persons to be interviewed as potential witnesses:

_____
_____
_____

**OTHER REQUESTS**                          **ACTION TAKEN**
PLEASE CHECK U.I. BOOK IF U.I. IS REQUESTED BY INMATE

Requests  Sgt. McCarthy to be present @ Hearing
Hand writing specalist
Directive on factory forgeey - No Directive
Officers who signed the Dispuc forms present @ Hearing

TO BE COMPLETED AT CONCLUSION OF ASSISTANCE

I have interviewed witnesses and assisted as requested and reported the results to the inmate charged.

Assistant's signature _____ date: _9/13/12_ time: _Approx 1$^{00}$ pm_

Print Assistant Name:__ T  MACINTYRE ____

Inmate's signature _____ date: _9/13/12_ time: _Approx 1$^{00}$ pm_
Inmate refused, witnessed by_____ date: _____ time: _____



XAM 2178.A (7/83)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

_Attica_  CORRECTIONAL FACILITY

## REQUESTED INMATE WITNESS REFUSAL TO TESTIFY
### IN TIER II/TIER III DISCIPLINARY HEARING

I, _Lawrence, R_  _97A7376_ , hereby refuse to testify
OIN

on behalf of _ELDER_  . _0930567_ , in his/her Tier II/
NAME  OIN

Tier III hearing for a misbehavior report of  _9/10/12_  for the following reason(s).
DATE

Circle number that applies and give specific reason for refusing to testify.

1. I do not want to be involved (explain) _Does not want to Testify_

2. I do not know enough about the specific incident to provide relevant testimony (explain)

3. Other (specify reason) _____

_[signature]_  _9/13/12_
SIGNATURE  DATE

_[signature]_  _9/13/12_
EMPLOYEE SIGNATURE  DATE

I specifically asked _____ to provide a reason for his/her refusal
NAME

to testify and he/she refused to provide further information.

_____  _____
EMPLOYEE SIGNATURE  DATE



1 ∝

## AT̶ ̶ICA CORRECTIONAL FACIL̶ ̶ ̶Y          1/3/12
## ASSISTANT SELECTION FORM
*La Forma de la Seleccion Auxiliar*

**In accordance with the provisions of Part 251C, Chapter V, you are entitled to an assistant from a list established at your facility to assist you in connection with charges of misbehavior on** ___9-10-12___
*De acuerdo con los comestibleses de Parte 251C, Capitulo V, usted se titula a un ayudante de una lista establecida en su facifidad para ayudarlo en relacion con los cargos de desman adelante*

**YOU MUST CHOOSE THREE NAMES from the list below and number them in order of your preference.**
*Usted debe escoger tres nombres de la lista debajo y debe numerarlos en el orden de su preferencia.*

The right to select an assistant has been explained to me and
*El derecho para seleccionar a un ayudante se ha explicado a mi y*

(✓)  I wish to choose three of the following:          (  )  I **waive** my rights to select an assistant.
*Yo deseo escoger 3 de los siguiente:*          *Yo renuncio mis derechos para seleccionar a un ayudante*

| | | | |
|---|---|---|---|
| ~~████~~ | ~~████~~ | ~~████~~ | ~~████~~ |
| ~~████~~ | ~~████~~ | ( 2 ) T. MacIntyre | ~~████~~ |
| ~~████~~ | ~~████~~ | ~~████~~ | ~~████~~ |
| ~~████~~ | ~~████~~ | ~~████~~ | ~~████~~ |
| ~~████~~ | ~~████~~ | ~~████~~ | ~~████~~ |
| ~~████~~ | ~~████~~ | ~~████~~ | (  )  D. Sobus |
| ~~████~~ | ~~████~~ | ~~████~~ | (  )  J. Stefaniak |
| ~~████~~ | ~~████~~ | ~~████~~ | ~~████~~ |
| ~~████~~ | ~~████~~ | (  )  R. Nagel | ~~████~~ |
| ~~████~~ | (  )  R. Koch | ( 1 )  L. Nolan | ~~████~~ |
| ~~████~~ | ~~████~~ | ~~████~~ | ~~████~~ |
| ~~████~~ | ~~████~~ | ~~████~~ | ~~████~~ |
| ~~████~~ | ~~████~~ | ~~████~~ | (  )  K. Volpe |
| ~~████~~ | (  )  M. Kuligowski | ~~████~~ | ( 3 )  R. Worthington |
| | ~~████~~ | ~~████~~ | ~~████~~ |
| | (  )  N. Locher | ~~████~~ | ~~████~~ |
| | | | |
| | | | |
| | | | |

INMATE'S DIN: _09B0562_    SIGNATURE _~~Jan Bell~~_                    **DATE:** 9-11-2012
*El numero de preso*          *La firma de preso*                    *La fecha*

**OFFICERS SIGNATURE AND DATE**

                                              9-11-2012
*La firma de funcionario y fecha*
**CO WITNESS SIGNATURE:  (if applicable)**

                                              9-11-2012
*El signature/fecha del Co-testigo (si aplicable)*          "C" List – started 1/3/12

# EXHIBIT   C

Page 1 of 13

ATTICA CORRECTIONAL FACILITY

Attica, NY  14011

| INMATE NAME & NUMBER | JERVIS ELDER, 09-B-0562 |
|---|---|
| CONDUCTED BY: | KEN KLING |
| DATE OF PROCEEDINGS | September 14, 2012 |
| REPORT DATE: | September 10, 2012 |
| TIER: | 3 |

K. Kling:     This is the Attica Correctional Facility, my name is Ken Kling, Hearing Officer this tape will record a tier 3 hearing for Jarvis Elder, 09-b-0562 I will now stop the tape to check the recording. Okay the date is September 14, 2012 the time is 1:37 p.m. okay my name is Ken Kling, I have been designated by the superintendent to conduct this hearing which is being held in the third floor hearing room of C block please identify yourself with name and number

J. Elder:     ah, first name Jarvis last name Elder, um din number 09-B-0562

K. Kling:     Okay thank you alright this is a tier 3 hearing a part of the three tier disciplinary procedure the entire procedure is recorded please speak up clearly and refrain from speaking while others are speaking so that the tape recorder will pick up all the testimony that is given you may have witnesses on your behalf nothing said by you in response to the charges contained in the misbehavior report or information derived from such statement will be used against you in any criminal proceeding.  You should present any oral or documentary evidence that you wish to be considered by me during this hearing any procedural objections claims or defenses that you raise should be make promptly during this hearing so that they may be considered by me and if possible responded to.  Do you understand these rights and obligations

J. Elder:     Yes

K. Kling:     okay the record indicates that you were served with your copy of misbehavior report on September 11, 2012 at 10:00 by CO Rogers is this correct

Page 2 of 13

J. Elder:        yes

K. Kling:        Okay it further indicates ah that you wanted tier assistance which
                 was there it is your assistant was C. O. McIntyre is this correct

J. Elder:        yes

K. Kling:        okay it further indicates that you wanted witnesses ah let's see
                 Inmate Morris, ah Sergeant McCarthy and list of officers I don't
                 know who the officers are that you want based on this ah you
                 signed a disbursement form at the hearing um you probley going to
                 need to get more specific about who you want because based on
                 initials I don't know who those are as the hearing officer alright so
                 the next time we meet I will take that into consideration do you
                 still want these witnesses

J. Elder:        yes

K. Kling:        Okay, I will inform you that one refused to testify that would be
                 Inmate Morris okay

J. Elder:        um is there a specific reason why he didn't want to testify

K. Kling:        I will ask him he said on the form that all he wrote does not want
                 to testify

J. Elder:        in this case he is the issue the --- filed against me and that is the
                 reason I wanted to bring him here

K. Kling:        I can't force him to testify if he refused to I don't have that
                 authority

J. Elder;        alright

K. Kling:        alright, um I will tell that Sergeant McCarthy is not here today so
                 we don't be finishing this today just do you know alright that we
                 will get through the plea and read the misbehavior report into the
                 record which is what I am going to do now alright, name, Elder,
                 Jarvis, 09-B-0562 housing location 34-16 location of incident A
                 block 1 company date of incident September 10. 2012 at
                 approximately 12:30 pm. rule violation 115.12 forgery, 116.10
                 stealing, um description of the incident on the above date and time
                 I Sergeant McCarthy issued a misbehavior report Inmate Elder, 09-
                 B-0562 due to an investigation I received on 9/4/12 Inmate
                 Lawrence 97-A-7376 who locks in A-1 20 cell --- possible
                 disbursement forgery against in account the same day I discovered

that Inmate excuse me the same day I discovered Inmate Elder, 09-B-0562 who locks in A-1-23 cell his cell was set on fire by an unknown inmate on 9/1/12 during the afternoon chow run. On 9/4/12 I also received a lot of confidential information that Inmate Lawrence's who is involved in possible drug activity as well as the arson of Inmate Elders cell I ordered a cell frisk on Inmate Lawrence's cell A-1-20 and various items of contraband were found including addresses phone book a --- 2706 disbursement form in envelope all belonged to Inmate Elder 09-b-0562 and were confiscated and added to my investigation packet. Report date 9/10/12 were there other inmates involved Inmate Lawrence 97-A-7336 um you were confined as a result of this you were not under prior confinement you were

J. Elder:      what's that

K. Kling:      I am just reading this into what do you object to

J Elder:      I have been confined since September 1 um since the date the fire I was not served any type of fire ticket cause of the fire and I didn't lock down since that time till now just now got served 9/10 this ticket for forgery and stealing so um therefore I wasn't interviewed about anything while I was locked down I was never

K. Kling:      ------- you were ---- c block and a block and no physical force was used in a supplementary sheet I further read that on 9/5/12 I interviewed Inmate Elder about the fire and showed Elder the items that were confiscated from Lawrence's cell and asked him if they were his Inmate Elder stated that all three items are his I than asked if he filled out and signed the 2706 form with his name on it Elder stated yes. It should be noted that the hand writing on the Inmate Elder personnel 2706 form matches all the 2706 forms with Inmates Lawrence name and number on it that ----- in the investigation therefore it is my belief that Inmate Elder forged all the 2706 forms with Inmate Lawrence's name on it totally $630.00 all evidence was tagged, bagged tagged and placed in the contraband office by myself Sergeant McCarthy. This investigation is still on going the report date 9/10/12 Jan McCarthy Sergeant

J. Elder:      I would like to object to something

K. Kling:      Like I just said I am reading the charges into the record okay when we take your testimony you can object to anything you want to and I will take it into consideration but ah this is just a matter of putting the charges into the record along with the evidence. Um the --- in

Page 4 of 13

Lawrence cell are included in the evidence right here is the outside of the envelope the disbursement form the address list and ----- then the 7 pages of disbursement --- of Inmate Lawrence name these were the ones that were under investigation then 2 mail receipts and the back of a check and part of a check made out to Chris Brunson ? in the facility that is the written evidence that I am showing you to the record at this point okay based on the written evidence that is here and your ---- report um you had to take a plea that you plead guilty or not guilty to any of the charges I am going to read the charge and I will ask you and you just respond alright on the charge of 116.10 property damage or loss reported by Sergeant McCarthy do you plead guilty or not guilty

J. Elder:      Not guilty

K. Kling:      let me put that on the record on the charge 116.12 counterfeit of forgery reported by Sergeant McCarthy do you plead guilty or not guilty

J. Elder:      Not guilty

K Kling:       I will also put that on the report okay the date is 9/14/2012 the time is 1:48 p.m. would you like to sign the record indicating those are your pleas

J. Elder:      yes

K. Kling:      okay, the record indicates that Inmate Elder is signing the record indicating his pleas of not guilty in both charges okay, today were not going to be able to continue because we don't have any of your witnesses alright so what I am going to do at this point I am going to adjourn the hearing I am going to get back to you next week when I find out Sergeant McCarthy is on duty I am not sure what day I am going to have to find that out I made a phone call to find out he wasn't available

J. Elder:      Okay my one thing about the disbursement form author to sign I don't have their names all's I know is that there the ones that sign the disbursement forms so i have no proof of the officers are who signed it

K. Kling:      I looked and I am going to honest with I can't tell by

J. Elder:      they have to check ID ---- that is the purpose of me

Page 5 of 13

| | |
|---|---|
| K. Kling: | I can understand your --- I am just saying that I don't know who to call the stamp is right over the signature I can't even read it but we will see what we can do I can't promise you because I can't read it I will see what I can do but I am not going to take any ----- |

J. Elder: now another thing is I never got entitled to copies of any of the evidence --- cause my assistance didn't bring none of this evidence to me and he said this he threw me off my assistance he didn't want to help me or nothing like that so I have no copy of what I am accused of the dates and times all's I have is the misbehavior report and I am entitled to see the evidence that is accused against me

K. Kling: ---- adjourning as of this point alright so the date is September 14, 2012 the time is 1:50 p.m. I am adjourning this hearing pending the ah are ability to bring in the witnesses Sergeant McCarthy and um so this hearing is adjourned for today I am stopping the tape.

(HEARING ADJOURNED)

K. Kling: Okay the time is 10:02 a.m. on September 21, 2012 I am reconvening the hearing on Inmate Elder, 09-B-0562 in for the charge of property damage or loss and 116.10 and counterfeiting or Forgery which reported by Sergeant McCarthy, Okay when we left together we went through the evidence ah that was being presented against you um the misbehavior report the --- that was corrected mail list, um phone number registration form ah disbursement --- request and a copy of the check that was disbursed and I took you plea which was not guilty to both charges that you signed on September 14, 2012 at approximately 1:48 p.m. um at this point I would like to have any statements that you have in relation to these charges, any statement or any evidence that you wish to present

J. Elder: yes I do first of all um the kid Inmate Lawrence that they saying the money was forged out of his account is not out come of that you know what I am saying I knew the kid down in Berkley and I helped his out cause he is on a loss of a few things --- which ever he did on the job I don't know you know what I am saying he had some money coming in so I helped the man out I did some art work I got art supplies of crafts to so I did a lot of art work for the guy so therefore he knew these moneys was going to his address only thing I don't understand is that how did he end up with my personnel information makes it sounds like his checks are being forward cause all my personnel information was found in this kids cell and it tells me right there I am going back --- telling who is going in my cell and taking so I don't know why that was in his

cell I never got a chance to question and asked me --- he had no
right to this stuff --- and to this day he is the reason why my cell
was set on fire it is fucked up and on top of that ----- with this guy
he has got a little stand-   trying to get money but based on
conversation that new this money was going to this address to the
address and all that so while this forgery I don't know maybe he
took some of my stuff out of cell and made it look like my hand
writing but I don't know I didn't forge any of those and on top of
that it is a policy it is a policy when they check inmates name and
ID number prior to giving out mail or taking disbursement forms
and I have full knowledge of the officers when they say they took a
disbursement from me saying that that his names and numbers on
it um I was never questioned about it all's I know is that I got ----
to a arson at my cell and then um Sergeant McCarthy did an
investigation report on 9/4 on this inmate about possible forgery's
over $630 missing in account and I take it all this couldn't happen
in one day because anything over a $100 has to be signed by the
sergeant so therefore this happened to be going on for a while and I
am trying to understand why cause it is not being brought to the
sergeants --- money missing out of his account that is the messed
up part about this situation cause he could have been -----$630 is a
lot of money that um basically um it shows like the kid is trying to
pull a scan to get money and I am getting burnt be hind this on top
of the long run I lost everything I ever owned in my cell that had
permits receipts for in the package room I have love affair that
comes to see me I got kids so I have no reason to steal money from
this guy you know to this day I am suffering I have nothing as we
speak right now and they want to collect this $130 and I ain't even
got it I have nothing this is only my stuff

K. Kling:     Okay, um okay that is all the testimony that you have as far as ---
              and you have no I don't what evidence you might be able to
              present to produce

J. Elder:     there is nothing really I can't present because you got to realize my
              cell was fucked up I had nothing to present you know what I mean
              so I am basically speaking was coming from my mind you know
              what I am saying besides -----

K. Kling:     Your going to have that opportunity in a moment okay um but as
              far as your testimony itself you don't have anything further to add
              to it then I just want to make sure we haven't left anything out is
              all I am asking

| | |
|---|---|
| J. Elder: | we should be set that is the mitigating evidence that I have to offer towards this situation because I didn't steal nothing from this guy I didn't steal nothing |
| K. Kling: | okay since there is no further you want to say at this point I am going to be calling the sergeant up here and questions that you have are going to be directed me and if there relevant we will ask them of Sergeant McCarthy you don't speak directly to the sergeant you speak to me |
| J. Elder: | Okay |
| K. Kling: | and then I will relay any questions to the sergeant alright and so I, lets see okay, entering the room with us please identify yourself with your name and title |
| Sgt. McCarthy | Sergeant McCarthy |
| K. Kling: | um, you have been asked to be a witness in this hearing um by Inmate Elder and um I have – ticket written for forgery and stealing ah on Inmate Elder on ----- |
| Sgt. McCarthy: | yes |
| K. Kling: | okay um let me start off by asking you a couple quick question on my own ah what lead you to believe that Inmate Elder was the person who committed a forgery on Inmate Crooks I believe |
| Sgt. McCarthy: | I authorized a frisk on Lawrence um they found ah certain piece of contraband that Lawrence had of Elders with his name phone number list as well as a disbursement form |
| K. Kling: | okay thank you would these be those |
| Sgt. McCarthy: | yes |
| K. Kling: | okay |
| Sgt. McCarthy: | and them um when I called um Inmate Elder down for an interview I asked him these three pieces are his and he said yes and I asked him and I asked him do you know what cell and he said yes like I said in the misbehavior reports I noticed the hand writing is similar in both in all the other remaining disbursements of Inmates ---- |
| K. Kling: | okay alight um the only question I have is I couldn't identify I don't know if you can ah can possibly Sergeant McCarthy I |

|  | couldn't identify and I asked on the block if anybody could identify any of these individuals who through the inmate verification but to be honest I couldn't read them so I wasn't sure |
|---|---|
| Sgt. McCarthy: | I couldn't identify them either |
| K. Kling: | Okay but I did try in the block with different officers ---- alright um okay do you have questions for Sergeant McCarthy |
| J. Elder: | yes I do, um my first questions for the sergeant is um  would like to know that does he have a degree or does he qualify as a hand writing specialist as a correction officer |
| K. Kling: | do you qualify as a hand writing specialist at all sir |
| Sgt. McCarthy; | ---- |
| K. Kling: | No, he is not a specialist no |
| J. Elder: | my next question is um is it policy for a correction officer to ask for name and din numbers of the inmates prior to giving out mail legal mail and taking ----- |
| K. Kling: | would that be a policy here |
| Sgt. McCarthy; | yes |
| K. Kling: | okay |
| J. Elder: | prior to his investigation from 9/4 from Inmate Lawrence ah up till 9/10 issue for a misbehavior report of Inmate Elder I would like to know that can any of these officers that they took a disbursement form from Inmate Elder with Inmates Lawrence name and number on it |
| Sgt. McCarthy: | he wouldn't be able tell ------ |
| J. Elder: | so |
| Sgt. McCarthy: | he can't answer for those officer |
| J. Elder: | okay my next question is there are three copies of the disbursement form the first white copy is stamped with the hall captain signature on it the yellow copy and the pink copy does not have the stamp from the hall captain so therefore you can not read the signature on the white page cause it is stamped by the hall captain how come |

Page 9 of 13

|  |  |
|---|---|
|  | that going to the business office and all that you can get the yellow copy ----- from officers |
| K. Kling: | are you asking me this or him |
| J. Elder: | that is what I am asking --- the white copy the first copy was it stamped by the hall captain but the yellow copy and the pink copy the stamp doesn't go through with the signatures so therefore you can get the signatures of the officers from the pink copy and the yellow copy I don't understand why's that |
| K. Kling: | okay that would be a question you would be asking me then correct cause I investigate that |
| J. Elder: | Yes |
| K. Kling: | right now the questions are for Sergeant McCartney after were done with him if you want to ask you welcome to |
| J. Elder: | Okay so my next question so there is no reliable proof saying that an officer is safe to say that they took these disbursement forms from me |
| K. Kling | would there be anybody that would be able to testify to that |
| Sgt. McCarthy: | I will just tell you straight out no because since there not being identified about the disbursement form we can't ask them |
| J. Elder: | Okay so my next question to the sergeant he has gone off for weeks because of what he say's looks like say what ---- like from the disbursement form from Inmate Lawrence to mine it is his belief that I forged it that is his belief |
| K. Kling: | you believed he forged him because of his signature based on compared to the |
| Sgt. McCarthy; | correct |
| J. Elder: | okay |
| K. Kling: | anything else for the sergeant |
| J. Elder: | um, that is about it you know that is about it |

Page 10 of 13

K. Kling:       alright thank you your excused okay now I have made that request
                that you asked me --- of the other copies okay um it wasn't the
                staff that---- handwriting I can see the signatures on these

J. Elder:       I basically the stamp was over

K. Kling:       that stamp was over but I was saying I an see the signature but it's
                the signature you don't understand if you take a look at these I will
                just show you to as an example these two don't even have the
                stamps aren't interfering at all these people have lousy handwriting
                alright I don't know what school they went to but I could not read
                the signature on these I can see the signatures just show you
                understand then it is not a matter of the stamp I don't want to have
                you sit there and make you think that I did --- you want them as
                witnesses I will try and get you them as witness

J. Elder:       ----- my case to prove that same ---- his policy check names and
                numbers din number --- um

K. Kling:       and his evidence is basically this hand writing on these is terrible --
                --

J. Elder:       I have to object to that

K. Kling:       your welcome to object I am just looking right now trying to look
                through all the evidence and try to be fair and listen to both sides
                that is what I am suppose to do here

J. Elder:       the main --- these items are found in this guys cell that makes me
                believe he wasn't duplicating my handwriting to set me up to make
                me like somebody was stealing money from this guy I understand
                these articles were found in his cell they did a cell frisk on me and
                prepared it is a different story then ain't none of my items he had
                no right to a phone list what does he got to do with my phones my
                address book that has nothing to do with me and this disbursement
                form

K Kling:        alright um okay so Sergeant McCarthy is given his testimony in
                your presence um you also wanted a handwriting specialist we
                don't have accesses to that so I am going to deny that um there is
                no directive on forgery specifically rules about forgery in the rule
                book which is what your being charges with um I just want to
                make sure everything you requested

| J. Elder: | he wrote down the wrong thing I said the directive on the timeliness on the misbehavior report when it is served I don't know why he put forgery so that is he misprinted the wrong thing |
|---|---|
| K. Kling: | okay well um okay and as far as the officer who signed since you can't identify them and I can't either, and neither can the sergeant or any of the officer that I talked to based on the signatures I can't get those as witness for you alright um I am just trying to be straight up with you on this |
| J. Elder: | I hear ya |
| K. Kling: | okay um are there any other witnesses that you want to call I guess I need to know now |
| J. Elder: | I don't have any other witnesses but my next question is that um is this basically all the sustained evidence that is in front of me |
| K. Kling: | all the evidence they have has been presented yes |
| J. Elder: | okay |
| K. Kling: | alright um okay so all the witness have been called okay quick review we have gone over the misbehavior report the disbursement forms the information that was found in Inmate Lawrence cell um Sergeant McCarthy testimony your statements um we went over all the request that you made of your tier assistance that could be obtained um some that could not be obtained Inmate Lawrence was asked to testify but he refused to testify and I showed you the inmate refusal on that um as far as the summary of everything so now I have a couple of quick questions of you okay have all the witnesses which you want to call been heard |
| J. Elder: | ah I say I object on that because you know still even though you can't read the signatures that proves that --- the officer that signed them so, so even thought you already explained that is another that is more than one officer I know it is not just one officer · |
| K. Kling: | I can see it is different officers when you say none of them have handwriting that I could read I tried so I am being honest with as far as the witnesses that could be obtained have they all been heard and I really can't get any others that you had mentioned |
| J. Elder: | that is about it that is basically the evidence on my case |

Page 12 of 13

K. Kling:     do you have any further testimony or documentary evidence to give um

J. Elder:     I feel like I am violated I have been in this jail since 09 I have never had a problem I don't have a disciplinary record maintained jobs um known in these blocks not to be a problem and um I just got involved with the wrong guy who got me into trouble that is all you know and ah that I was helping the man out and he came back in the long run to hurt me you know what I am saying because to this day I had nothing in my cell as we speak and I am going through it right now I can't get no state issue clothes my ---- talk to my family on visits I have not been getting my mail I don't' know what is going on you know it feels like I have been violated that is all my rights

K. Kling:     Okay um do you have any procedural objections is the way I am holding this trial or this hearing I should say it is not a trial

J. Elder:     Um, I can say that you pretty much fair you can only do so much you know so --- I already object to it that is basically it

K. Kling:     alright I am going to close the testimony at this point the time is 10:22 a.m. um September 21, 2012 I am going to stop the tape and make a written disposition I will then restart the tape and read it into the record

                        (HEARING ADJOURNED)

K. Kling:     okay the time is 10:38 a.m. on September 21, 2012 I have made a written disposition I will now read it into the record okay on this report I am going to find guilty of 116.10 property damage or loss on 116.12 counterfeiting or forgery also guilty, ah penalty that I am imposing for these is going to be 6 months each of the following SHU, recreation, packages and commissary ah and also restitution for the $630 ah that I believe was forged that I believe was forged. Um the statement of evidence that I relied upon in this case ah in this case I relied upon the verbal testimony given by Sergeant McCarthy in addition to the written misbehavior report original evidence of the signature was compelling similarity's it appeared to me that some officers may have been lacks in verifiy ID"S I also felt that no credible defense is really given ah the reason for my disposition is severity of the charges may have already set off retaliation which is disruptive to the smooth operation of the facility both inmates and staff in harms way um a list of special instructions has a list of restitution in the amount of $630 by Inmate Elder, 09-B-0562 to Inmate Lawrence okay um I

Page 13 of 13

|  | am going to give you a copy of this ---- would you like to sign that you receiving your copy |
|---|---|
| J. Elder: | does this mean I am going to the box |
| K. Kling: | ---- okay before I can indicate that Inmate Elder signed saying that he is going to receive his copy of this disposition on 9/21/12 at 9:40 a.m. okay here is a copy of this okay ah I will give you a copy of this one ------- alright ah notice of appeal if you desire to challenge my disposition in this matter you must file an appeal form which is available in your housing unit you have 30 day's in which to file an appeal tier 3 appeal forms are to be sent directly to the commissioner you should clearly state on the appeal form every reason for appealing this disposition if you do not state your reasons for appealing the person who is reviewing will not know what it is you object to do you understand your appeal rights. |
| J. Elder: | yes |
| K. Kling: | okay the time is 10:32 a.m. on September 21, 2012 ah this concludes this hearing    . |

4/4/13
SMD

```
9/11/12    STATE OF NEW   RK - DEPARTMENT OF CORRECTIONAL   ERVICES
DCP100     HEARING RECORD SHEET - ATTICA GENERAL
                                    REVIEW OFFICER   LT   PAWLAK
                                    REVIEW DATE      09/10/12 TIER 3
                                    C.R. DATE 03/31/2025 M.E. DATE 02/12/2028
```

```
  1) NAME ELDER, JARVIS              DIN    09B0562 LOCATION 0C-34-16S
  2) INCIDENT DATE  09/10/12   INCIDENT TIME  12:30 PM
  3) INMATE    WAS    CONFINED
  4) INMATE WAS NOT  RELEASED AT REVIEW
 5A) SERVING OFFICER CO    D. ROGERS        SERVING DATE/TIME 09/11/12 10:00 AM
 5B) RELEASED FROM PREHEARING CONFINEMENT?  ____
     AUTHORIZED PERSON _____ DATE AUTHORIZED __/__/__
  6) ASSISTANT NAME    CO  T  MacIntyre
  7) INTERVIEW DATE  9/13/12      INTERVIEW TIME 1L:30 AM
  8) EXTENSION NUMBER _____ (IF APPLICABLE)
  9) IF APPLICABLE, CHECK REQUIRED DRUG TESTING FORMS PROVIDED TO INMATE
     PURSUANT TO DIRECTIVE 4937 OR 4938
        TEST REQUEST FORMS _____  TEST PROCEDURE FORMS _____
        TEST RESULT FORMS _____  APPENDIX C _____   OTHER (SPECIFY) _____
 10) INMATE  IS   ENGLISH SPEAKING
     A) IF NOT, WERE CHARGES TRANSLATED AND SERVED TO INMATE? _____
     B) INTERPRETOR AT HEARING _____
 11) HEARING BEGIN:DATE  9/14/12  TIME  1:37  END:DATE  9/17/12 TIME 10:42 AM
 12) CHARGES: SPECIFY INMATE'S PLEA TO THE CHARGES CONSIDERED AT THE HEARING
     CHARGE                                               INMATE'S
     NUMBER    DESCRIPTION OF CHARGES         REPORTED BY   PLEA
     116.10    PROPERTY DAMAGE OR LOSS   SGT  MCCARTHY      NG
     116.12    COUNTERFEITING OR FORGERY SGT  MCCARTHY      NG
```

```
     SIGNATURE OF INMATE _____
                    DATE  9/14/12        TIME _____
 13) WITNESSES:  IF NONE REQUESTED, CHECK HERE _____
     A)  REQUESTED BY INMATE           TESTIFIED       IN INMATE'S PRESENCE
         Sgt McCarthy                  Y X  N___          Y X  N___
         _____      Y___ N___          Y___ N___
         _____      Y___ N___          Y___ N___
         _____      Y___ N___          Y___ N___
                                       Y___ N___          Y___ N___
     B)  REQUESTED BY HEARING OFFICER  TESTIFIED       IN INMATE'S PRESENCE
         _____      Y___ N___          Y___ N___
         _____      Y___ N___          Y___ N___
         _____      Y___ N___          Y___ N___
         _____      Y___ N___          Y___ N___
         _____      Y___ N___          Y___ N___
*NOTE* IF ANY WITNESS IS DENIED OR IF A REQUESTED WITNESS TESTIFIES OUTSIDE THE
PRESENCE OF THE INMATE CHARGED, AND/OR THE INMATE IS NOT PERMITTED TO
REVIEW TESTIMONY OF SUCH WITNESS, FORM 2176 EXPLAINING THE REASON FOR THAT
DETERMINATION MUST BE GIVEN TO THE INMATE AND INCLUDED AS PART OF THE RECORD.

HEARING OFFICER SIGNATURE: _____
```

```
L?/ll/12       STATE OF !   YORK - DEPARTMENT OF CORRECTIG    SERVICES  PAGE   1
DCP004                      SUPERINTENDENT  HEARING DISPOSITION RENDERED

                ATTICA GEN                              TAPE NUMBER  12-1183

DIN: 09B0562 NAME: ELDER, JARVIS                        LOCATION: 0C-34-16S

INCIDENT DATE & TIME:     09/10/12   12·30 PM    TIER 3

REVIEW DATE:              09/10/12              BY:  LT   PAWLAK

DELIVERY DATE & TIME:     09/11/12   10:00 AM  BY:  CO   D. ROGERS

HEARING START DATE & TIME: 2/14/12  1:37Pm BY: Vc Sigr.  K. Kling

HEARING END DATE & TIME:  2/21/12 10:42 AM BY: Ke Sigr. K. Kling
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y /N

CHARGE
NUMBER     DESCRIPTION OF CHARGES            REPORTED BY        DISPOSITION

116.10  PROPERTY DAMAGE OR LOSS          SGT  MCCARTHY              G
------  ---------------------------      ----  ----------------

116.12  COUNTERFEITING OR FORGERY                                  G
------  ---------------------------
```

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY NO DAYS | START DATE | RELEASE DATE | SUSPEND M· DAYS | DEFERRED NO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| A900 | SHU | 6 | 3/10/12 | 3/10/13 | | | |
| D052 | Recreation | 6 | 9/10/12 | 3/10/13 | | | |
| E900 | Packages | 6 | 3/10/12 | 3/10/13 | | | |
| F900 | Commissary | 6 | 3/10/12 | 3/10/13 | | | |
| X002 | Restitution | | | | | | $630.00 |

```
01/11/12     STATE OF h   YORK - DEPARTMENT OF CORRECTIC   . SERVICES   PAGE   2
                              ATTICA GEN
```

DCP004            SUPERINTENDENT   HEARING DISPOSITION RENDERED

DIN: 09B0562 NAME: ELDER, JARVIS                    HEARING DATE: 2/14/12

A. STATEMENT OF EVIDENCE RELIED UPON:

In this case I relied upon the verbal testimony given by Sgt. M^cCarthy in addition to the written misbehavior report. The visual evidence of the signature was compelling in the similarities. It would appear to me that some officers may have been lax in verifying ID. I also felt that

B. REASONS FOR DISPOSITION: No credible defense was given.

The severity of a charge of this nature can and may have already set off retaliation which is disruptive to the smooth operation of a facility and puts both inmates and staff in harms way

C. SPECIAL INSTRUCTION ON VISITATION OR CORRESPONDENCE RESTRICTIONS, REFERRALS OR SPECIAL EVENT LOSS: Restitution in the amount of $630.00 be paid by Inmate Elder 09B0562 to Inmate Lawrence 97A7376.

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED: 2/21/12

_____ , James Eilder , 2/21/12 10:40 AM
HEARING OFFICER SIGNATURE        INMATE SIGNATURE   DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

____FOR TIER II HEARINGS-APPEAL TO SUPERINTENDENT WITHIN 72 HOURS.

__X__FOR TIER III HEARINGS-APPEAL TO COMMISSIONER WITHIN 30 DAYS.

***SUCCESSFUL PRINT COMPLETION***

**EXHIBIT   D**

DEPT. OF Correctional Services
RECEIVED

OCT 1 6 2012

Date:        September 21, 2012

To:          Department of Corrective Services /State Campus Building #2 Special Housing Inmates Disciplinary Programs

From:        Jarvis D. Elder  Din # 09B0562

Subject:     Violation of Inmate Constitutional Rights

Attention:   Director of Special Housing

I am notifying you of my "Appeal" concerning the determination or results of Superintendent's K. Kling hearing conducted against me.

The Hearing was held at:      Attica Correctional Facility

Date of Disposition:          September 21, 2012    10:42 am.

Date of Incident:             September 10, 2012    12:30 pm.

Disposition Received:         Six months of Shu (Special Housing Unit), Loss all privileges, $630.00 restitution; including the time frame of 9/10/12 through 3/10 2013.

In accordance with Section 254.8 of title 7 NYCRR; I am requesting that you review my hearing and possibly reverse the Superintendent's resolutions. My Fourteen Amendment Constitutional Rights surrounding the time frame of 9/14/12 through 9/21/12 were violated by these Officers of Justice. The Hearing began on 9/14/12 at 1:37 pm with Superintendent K. King presiding.

I strongly believe that the following Procedural Violations occurred during my Tier III hearing:

1. I objected to my Tier III Assistant because I was never brought the Directive of Timelines for chapter 5 and 6 Title 7 of New York Codes, Rules and Regulations (7N.Y.C.R.R.) I was not happy with his assistants. (Bias)

2. I was never given or able to witness the documents that they accused me of forging. So I was deprived of preparing my defense.

3. I was denied the request of having the Officers present that signed the 2706 disbursement forms. They were never located or questioned about the disbursement forms they signed off on.

4. The witness refused to testify and the case was dealing with him. There was no statement declaring that those disbursement forms came from me.

1

5. On 9/1/12, I stated at the hearing that I was keep locked because of arson. My cell was deliberately set on fire by suspect inmate "Lawrence "while I was at afternoon chow. Sergeant McCarthy stated in my misbehavior report, that he had received reliable confidential information that inmate Lawrence is involved in possible drug activity as well as the arson of inmate Elder's Cell. This information was verified.

6. Yet, on 9/10/12, I was issued a misbehavior report from Sergeant McCarthy based on "inmate Lawrence accusations that I forged his name to obtain monies from of his account.

7. I was denied the opportunity to ask relevant questions and my objections to their statements were not allowed. I was troubled at Superintendent K. King responses to my questions. He stated that we are not going to examine the evidence at this time but an adjournment needed to be schedule. Sir, it is at this point; that I felt and believed that I was not going to get a Fair Hearing and my civil rights as a human being would be violated.

8. I asked for a handwriting specialist to examine the documents in question. However, I was denied even though this request was crucial in proving my innocence.

9. I stated that on 9/4/12 an investigation was conducted on inmate Lawrence about the arson of inmate Elder's cell. There were three items found in intimate Lawrence cell; a phone list, an address list and a completed 2706 disbursement form with my name and number on it. I confirmed that inmate Lawrence had no right to these items and that were discovered in his cell after my cell was set on fire.

10. According to Superintendent K. King records; there is no documentation stating that the address belonged to me.

11. Sergeant McCarthy came to testified about some question that I asked him. It is at this time, that I asked him does he have a Degree or qualified to be a Hand Writing Specialist. His response was "No". So how can he make such an incriminating statement against me in his previous reports concerning his beliefs? This is my life that we are talking about.

12. I asked him isn't it Policy to check the inmate Name and Numbers prior to handing out Mail and taking Disbursement Forms. His response was "Yes".

13. I also asked Sergeant McCarthy (prior to the Investigation on 9/4/12 on inmate Lawrence up to 9/10/12) and the issuing of inmate Elder a misbehavior report:

2

- was any of these Correctional Officers involved with verification of these disbursement forms questioned? **He said No.**
- Can these Correctional Officers say that they took any disbursement forms from me with inmate Lawrence name & numbers on it? **His response was "No**

My belief is that Sergeant McCarthy did not do a completely honest or a thorough investigation for there was nothing in the misbehavior report states the following:

- Why where my personal items in inmate "Lawrence" cell and what were was his motive for having these things? Is he a credible witness concerning his forgery accusations? Noting that exposure of possible drug activity and contraband was confirmed in his cell. If he was charged for the arson of my cell, why wasn't my property replaced? Again, I am the victim here.
- There was no documentation of the dates these disbursements were done.
- Where is the testimony of the Officers involved in the signing of these "Lawrence" disbursement forms? There is a proper procedure in place to avoid things of this nature.
- Finally, Sergeant McCarthy job title is a Correctional Sergeant. So, I believe that he does not have the right to make a determination or opinion going off his gut feeling or belief that I am guilty as accused of forgery by his reliable source that never came forth to confirm his accusations.

In Conclusion:

I truly believe that Voc. Superintendent K. King reason for Disposition is unjustified, unfair and exceptionally harsh towards me. The evidence was inaccurate, not examined from every perspective, and wasn't presented to Voc. Superintendent K. King in a proficient manner. Therefore, the hearing was not conducted according to state rules & regulations. It violated my procedural rights. I cannot help to wonder if all of this mistreatment & unfairness is stemming from a prior T.V. incident I had with a previous Correctional Officer. I have been at Attica ever since April 5, 2009. My record will show that I have NO PREVIOUS disciplinary issues. So why have I been a victim of such injustice?

3

Can you please take the time and consider my plea for HELP by examining the Hearing Disposition that took place at Attica Correctional Facility on 9/21/2012 at 10:42 a.m. I understand the tapes are available for your listening? I will be forever Thankful.

P.S. I am no longer at Attica Correctional Facility. I have been transfer to Upstate Correctional Facility as of 10/9/2012. Please notify me at the following address.

**Inmate Mailing Address:**
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, 12953
1-518- 483-6997

Sincerely,

**Mr. Jarvis D. Elder    Din # 09B0562**

4



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y. 12226-2050

BRIAN FISCHER
COMMISSIONER

**JOSEPH F. BELLNIER**
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

$P \frac{d}{10} | 10 | 12$

October 30, 2012

Mrs. Winifred L. Pike
6915 N. Joanne Circle
Niagara Falls, NY 14304

RE:     Jarvis Elder, #09-B-0562
        Upstate Correctional Facility

Dear Mrs. Pike:

This is in response to your recent letter concerning the appeal of Mr. Elder's Superintendent's Hearing of September 21, 2012, conducted at Attica Correctional Facility.

Please be advised that your letter was received by the Office of Special Housing/Inmate Disciplinary Programs to supplement the pending appeal of the hearing. A review of the available information will be conducted and Mr. Elder will be advised directly of the results.

Sincerely,

Albert Prack
Director, Special Housing/
Inmate Disciplinary Programs

AP/dmv
cc:    Superintendent Rock, Upstate Correctional Facility
       Central Files

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.   12226-2050

BRIAN FISCHER                                          JOSEPH BELLNIER
COMMISSIONER                                           DEPUTY COMMISSIONER
                                                       CORRECTIONAL FACILITIES

REVIEW OF SUPERINTENDENT'S HEARING

NAME:  ELDER, JARVIS                          NO.  09B0562

HEARING FACILITY:  ATTICA

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

SEPTEMBER 21, 2012, HAS BEEN REVIEWED AND AFFIRMED ON DECEMBER 6, 2012.

ALBERT PRACK
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

**EXHIBIT   E**

JUN 1 8 2013

At a term of Supreme Court held in and for
the County of Wyoming, at the Courthouse
in Warsaw, New York, on June 10, 2013.

PRESENT:    HONORABLE MARK H. DADD
            Acting Supreme Court Justice

STATE OF NEW YORK
SUPREME COURT : COUNTY OF WYOMING

In the Matter of the Application of
JARVIS ELDER, #09-B-0562, *Petitioner*

v.

BRIAN FISCHER, Commissioner, NYS Department
of Corrections and Community Supervision, *Respondent*

STATE OF NEW YORK
Wyoming County Clerk's Office    ss.

I, Rhonda Pierce, Clerk of the County, of the
County Court of said County, and the Supreme Court,
both Courts of Record having a common seal, do
hereby certify that I have compared the annexed copy
of Order with the original entered.
JUN 1 8 2013    in this office and that the same
is a correct transcript thereof and of the whole of said
original in Testimony whereof, I have hereunto set my
hand and affixed the Seal of said County and Courts, at
Warsaw, N.Y. _____ JUN 1 8 2013
*Rhoda Pierce*, Clerk

Index No. 21,303-12

For the Petitioner
WYOMING COUNTY-ATTICA LEGAL
AID BUREAU, INC.
Norman P. Effman, Director
18 Linwood Avenue
Warsaw, New York 14569

For the Respondent
ERIC T. SCHNEIDERMAN, Attorney General
by Stephanie J. Calhoun
Assistant Attorney General
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202

## ORDER

By second amended petition pursuant to Article 78 of the CPLR verified on
May 10, 2012, Jarvis Elder seeks review of a superintendent's hearing concluded on
September 21, 2012 at the Attica Correctional Facility. Petitioner, represented by counsel
assigned by the order to show cause dated February 5, 2013, contends that the hearing

Order                                    -2-                          Index No. 21,303-12

determination should be annulled.  Upon the answer to the first amended petition, dated April 24, 2013, and the answer to the second amended petition, dated May 21, 2013, the respondent requests that the petition be transferred to the Appellate Division and thereafter denied or dismissed.

          In his original petition, which is incorporated by reference within his second amended petition, the petitioner raised a challenge to the sufficiency of the evidence supporting the hearing determination.  As a consequence, the matter must be transferred to the Appellate Division pursuant to CPLR §7804(g).

          NOW, THEREFORE, it is hereby

          ORDERED that this matter is transferred to the Appellate Division for the Fourth Department pursuant to CPLR §7804(g).

DATED:      June 10, 2013

                                                    _____
                                                    Acting Supreme Court Justice

# EXHIBIT    F

DOCKET NO. TP 13-01112

TO BE SUBMITTED BY:

LEAH RENE NOWOTARSKI, ESQ.
(585) 786-8450

| | | |
|---|---|---|
| STATE OF NEW YORK | : | SUPREME COURT |
| APPELLATE DIVISION | : | FOURTH JUDICIAL DEPARTMENT |

In the Matter of the Application of
JARVIS ELDER, #09-B-0562,

        Petitioner,

   -v-

BRIAN FISCHER, Commissioner,
Department of Corrections and Community Supervision,

        Respondent.

## BRIEF AND APPENDIX FOR PETITIONER

Wyoming County Index No. 21,303-12

NORMAN P. EFFMAN
Attorney for Petitioner
Executive Director
WYOMING COUNTY-ATTICA
  LEGAL AID BUREAU
18 Linwood Avenue
Warsaw, New York 14569
(585) 786-8450

LEAH RENE NOWOTARSKI, Of Counsel

TABLE OF CONTENTS

Page

QUESTIONS PRESENTED . . . . . . . . . . . . . . . 1

NATURE OF THE CASE. . . . . . . . . . . . . . . .2

FACTS . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

     POINT I . . . . . . . . . . . . . . . . . . . .5

     POINT II . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . 10

APPENDIX

     Order (Dadd, T.A.J.S.C.) dated
     June 10, 2013 . . . . . . . . . . . . . A-1-2

TABLE OF CITATIONS

Page

Matter of Antinuche v. Goord, 16 A D 3d 743 . .  8

Matter of Bellamy v. Fischer, 87 A D 3d 1217 . . 8

Matter of LaSean Brown v. Fischer,
   91 A D 3d 1336 . . . . . . . . . . . . . . . . 6

Matter of Eagle v. Paterson, 57 N Y 2d 831 . .  5

Matter of Laureano v. Kuhlmann, 75 N Y 2d 141 .  7

Matter of Lumpkin v. Fischer, 93 A D 3d 1011 . . 6

Matter of McFadden v. Bezio, 92 A D 3d 988 . . . 9

Matter of Miller v. DeBuono, 20 N Y . . . . . . 5

Matter of Pell v. Board of Education,
   34 N Y 2d 222 . . . . . . . . . . . . . . . . 5

Matter of Robinson v. Fischer, 68 A D 3d 1687 .  9

Matter of Silva v. Scully, 138 A D 2d 717 . . . .9

Matter of Smith v. Coughlin, 198 A D 2d 726 . .  5

300 Gramatan Avenue Association v. State
   Division of Human Rights, 45 N Y 2d 176 . . .  5

Matter of Tumminia v. Selsky, 303 A D 2d 1006 . .9

People ex rel. Vega v. Smith, 66 N Y 2d 130 . .  5

Matter of Velasco v. Selsky, 621 NYS 2d 725 . .  8

Wolff v. McDonnell, 418 U S 539 . . . . . . . . 7

7 N.Y.C.R.R. §250 et seq. . . . . . . . . . . .  7

7 N.Y.C.R.R. §251-3.1 . . . . . . . . . . . . . .7

7 N.Y.C.R.R. §251-4.1 . . . . . . . . . . . . .  7

7 N.Y.C.R.R. §254 . . . . . . . . . . . . . . . .7

ii

## QUESTION PRESENTED

1. Was sufficient evidence adduced at the challenged Superintendent's hearing to support

findings of guilt?

2. Was the Petitioner denied due process?

## NATURE OF THE CASE

This is an Article 78 proceeding transferred to this Court pursuant to CPLR §7804(g) by Order of the Wyoming County Supreme Court (Dadd, T.A.J.S.C.) dated Jun 10, 2013 and entered on June 18, 2013 (A-1-2*).

On February 5, 2013, the Wyoming County Supreme Court (Dadd, T.A.J.S.C.) granted Petitioner's application for a petition pursuant to Article 78 of the CPLR and made it returnable on April 4, 2013, before a Special Term of that court held at the Wyoming County Court. The Respondent filed an Answer dated April 24, 2013. In response, Petitioner filed an Amended Petition dated May 10, 2013, and Respondent filed an Answer to Amended Petition dated May 21, 2013.

By Order of transfer, Justice Dadd held that the petition contained an issue as to whether sufficient evidence existed to sustain the hearing officer's finding of guilt at the Superintendent's hearing concluded on September 21, 2012 at the Attica Correctional Facility.

---

* Numbers in parentheses preceded by "A" refer to pages of the Appendix.

-2-

### FACTS

On September 10, 2012, Correction Officer McCarthy ("C.O. McCarthy")
learned that Inmate Elder's ("Mr. Elder") cell had been set on fire, possibly by Inmate
Lawrence, whose account had been forged (Answer Exhibit A). He learned that Inmate
Lawrence set the cell on fire through confidential information (Id.). After ordering a frisk
of Inmate Lawrence's cell, C.O. McCarthy showed three recovered forms to Mr. Elder,
and Mr. Elder admitted to completing and signing those forms (Id.). C.O. McCarthy
noted that the handwriting on Mr. Elder's personal forms matched the handwriting on
Inmate Lawrence's forms (Id.). As a result, Mr. Elder was charged with violating the
following rules:

- 116.10: Stealing
- 116.12: Forgery (Id.).

A Tier III Superintendent's Hearing was held at the Attica Correctional
Facility on September 14 and 21, 2012 before Ken Kling ("Hearing Officer") at which
Mr. Elder pled not guilty to both charges (Id. Exhibit F at 1, 4). At the hearing, Inmate
Lawrence refused to testify, indicating that he did not want to testify (Id. at 2). Mr. Elder
voiced his suspicions as to how his personal information was found in Inmate Lawrence's
cell, especially since Inmate Lawrence did not have permission to have Mr. Elder's
personal information (Id. at 5-6). Mr. Elder denied forging any documents or stealing
anything from Inmate Lawrence (Id. at 6-7). Mr. Elder identified witnesses that he
requested by indicating that although he did not know their names, they signed the
disbursement forms (compare Id. at 4 to Exhibit G: Disbursement or Refund Requests).

-3-

Sergeant McCarthy also testified. He testified that Mr. Elder's name,

phone number list, and disbursement form were found in inmate Lawrence's cell (Exhibit

F at 7). Mr. Elder claimed ownership of those papers (Id.). The handwriting was similar

in all the forms (Id.). The sergeant could not identify the signatures on the paperwork,

though (see Id. at 8). He believed that Mr. Elder forged a disbursement form based on a

comparison of handwriting between Mr. Elder's and Inmate Lawrence's disbursement

forms (Id. at 9).

The hearing officer found Mr. Elder guilty of the charges (Id. at 12). He

relied on the following information:

- Sergeant McCarthy's testimony
- Written misbehavior report
- Visual evidence of signature
- Officers lax in verifying ID
- No credible evidence was given (Exhibit H).

Mr. Elder was placed in the Special Housing Unit for 6 months, and lost recreation,

packages, and commissary, each for 6 months (Id.). The hearing officer ordered Mr.

Elder to pay $630 in restitution (Id.). Mr. Elder objected to his denial of a copy of

Chapter V and VI, denial of witnesses and documents, a witness's refusal to testify, and

the handwriting analysis (Exhibit I: Inmate Appeal).

Mr. Elder appealed that decision to the commissioner, and the decision

was affirmed on December 6, 2012 (Exhibit I). Mr. Elder commenced this CPLR Article

78 proceeding which has been transferred to this Court for decision.

-4-

## ARGUMENT

### I. INSUFFICIENT EVIDENCE WAS ADDUCED
### AT THE SUPERINTENDENT'S HEARING TO
### SUPPORT FINDINGS OF GUILT.

A reviewing court should review the whole record to determine whether

there is a rational basis in it for the findings of fact supporting an agency's decision

(McCormick Evidence [2d ed], § 352, p 847; *see* Matter of Pell v Board of Education., 34

N Y 2d 222, 231 [1974]; Siegel, New York Practice [1978], § 560, p 783). An

administrative determination must be supported by substantial evidence (*see* People ex rel

Vega v Smith, 66 N Y 2d 130, 139 [1985], quoting CPLR 7803, Matter of Eagle v

Paterson, 57 N Y 2d 831, 833 [1982]; 300 Gramatan Ave. Assoc. v State Division. of

Human Rights, 45 N Y 2d 176, 180 [1978]). Substantial evidence is the kind of evidence

on which responsible persons are accustomed to rely in serious affairs and such relevant

proof as a reasonable mind may accept as adequate to support a conclusion of fact (Vega

at 139). It is less than a preponderance of the evidence, and for burden of proof, demands

only that an inference be plausible, but not the most probable (Matter of Miller v.

DeBuono, 20 NY2d [1997]). It does not rise from bare surmise, conjecture, speculation,

or rumor (Gramatan at 180).

Where handwriting analysis is at issue, a hearing officer may compare and

rule on handwriting in evidence, absent testimony from a handwriting expert (Matter of

Smith v. Coughlin, 198 AD2d 726, 726 [3d Dept 1993]). When a hearing officer

compares handwriting evidence to handwriting samples, he must note the similarities on

-5-

the record to conclude sufficiently that an inmate had wrote both documents (Matter of
Lumpkin v. Fischer, 93 AD3d 1011, 1012 [3d Dept 2012]).  The absence of sufficient
handwriting similarities between the documents will not support substantial evidence that
they were written by the same person (Matter of LaSean Brown v. Fischer, 91 AD3d
1336, 1337 [4th Dept 2012]).

   In the instant matter, there was no substantial evidence that Mr. Elder
forged, and therefore stole, money.  The hearing officer broadly stated that the
handwriting appeared similar without particularizing how the handwriting on the
disbursement forms compared to Mr. Elder's handwriting samples on file.  Upon closer
review, Mr. Elder's handwriting (neither print nor signature) does not match the
handwriting on Inmate Lawrence's documents (compare Exhibit G Elder Disbursement or
Refund Request and Inmate Accounting System-Mail Receipt to Exhibit G Lawrence
Disbursement or Refund Requests).  Furthermore, Inmate Lawrence did not testify;
therefore, the hearing officer could not verify the credibility of his signature or
disbursement recipients: it is not unreasonable for an inmate to request disbursements to
the Support Collection Unit to fulfill his obligations under an existing child support order,
as Inmate Lawrence's disbursement forms requested.  Without his testimony, the hearing
officer could never know whether he gave permission to Mr. Elder to take anything from
his inmate account.

# EXHIBIT   G

STATE OF NEW         :    SUPREME COURT
APPELLATE DIVISION   :    FOURTH JUDICIAL DEPARTMENT

In the Matter of the Application of
JARVIS ELDER, #09-B-0562 (GREAT MEADOW),

                    Petitioner,

         -v-                          **NOTICE OF ENTRY**

BRIAN FISCHER, Commissioner,           APPELLATE DIVISION
NYS Department of Corrections and      DOCKET NO. TP 13-0112
Community Supervision,                 Wyoming County Index No. 21,303-12

                    Respondent.

                PLEASE TAKE NOTICE that the annexed Memorandum and Order
entered by this Court on March 21, 2014, in the above proceeding, is a true and complete
copy, duly filed in the Office of the Clerk of the Appellate Division, Fourth Judicial
Department on March 21, 2014.

Dated: Warsaw, New York
         March 25, 2014                  NORMAN P. EFFMAN
                                         Attorney for Petitioner


                                         _____
                                         Executive Director
                                         WYOMING COUNTY-ATTICA
TO: ERIC T. SCHNEIDERMAN                    LEGAL AID BUREAU, INC.
     Attorney General of the State       18 Linwood Avenue
        Of New York                      Warsaw, New York  14569
     The Capitol                         (585)786-8450
     Albany, New York 12224

# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

90

TP 13-01112

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JARVIS ELDER, PETITIONER,

V        MAR 2 4 2014    <strong>MEMORANDUM AND ORDER</strong>

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Mark H.
Dadd, A.J.], entered June 18, 2013) to review a determination of
respondent. The determination found after a tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
annulled on the law without costs, the amended petition is granted and
respondent is directed to expunge from petitioner's institutional
record all references to the violation of inmate rules 116.10 (7 NYCRR
270.2 [B] [17] [i]) and 116.12 (7 NYCRR 270.2 [B] [17] [iii]).

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination, following a tier III disciplinary
hearing, that he violated inmate rules 116.10 (7 NYCRR 270.2 [B] [17]
[i] [stealing]) and 116.12 (7 NYCRR 270.2 [B] [17] [iii] [forgery]),
relating to his alleged forgery of another inmate's name on certain
disbursement forms. We agree with petitioner that the determination
is not supported by substantial evidence (*see generally People ex rel.
Vega v Smith*, 66 NY2d 130, 139), and we therefore grant the amended
petition, annul the determination and direct that all references to
the matter be expunged from petitioner's record. Although a
misbehavior report may by itself constitute substantial evidence of
guilt (*see id.* at 140-141), here the misbehavior report was based upon
the belief of the sergeant who authored it that petitioner forged
another inmate's signature on certain disbursement forms, and there is
no indication in the misbehavior report that the sergeant showed the
other inmate the disbursement forms or that the other inmate claimed
that it was not his signature on the forms. There likewise was no
evidence to that effect presented at the hearing. Although five of

the seven disbursement forms bear the stamp "inmate identification verified hall capt.," those correction officers were not identified in the misbehavior report and their signatures are obscured by the stamp on the top copy of the triplicate disbursement form.   Indeed, we note that the record establishes that petitioner requested that those correction officers be identified by using copies in the triplicate disbursement form and that they be called as witnesses at the hearing. The hearing, however, concluded without compliance with petitioner's request.   Indeed, we note that the Hearing Officer indicated that the signatures of the hall captains were illegible and thus unidentifiable, even by those officers in the block to whom the Hearing Officer had spoken, but nevertheless agreed to "try" to comply with petitioner's request to call those witnesses.   The record does not reflect any efforts made by the Hearing Officer to do so.

We further agree with petitioner that he was denied meaningful employee assistance and was prejudiced by the inadequate assistance he received.   Thus, at a minimum, petitioner would have been entitled to a new hearing in any event (*see Matter of Bellamy v Fischer*, 87 AD3d 1217, 1218).   Petitioner objected to the assistance provided to him, complaining that the assistant did not bring him copies of the documents being used against him and that the assistant did not want to help him.   "When the inmate is unable to provide names of potential witnesses, but provides sufficient information to allow the employee [assistant] to locate the witnesses 'without great difficulty[,'] failure to make any effort to do so constitutes a violation of the meaningful assistance requirement" (*Matter of Velasco v Selsky*, 211 AD2d 953, 954).   The record fails to set forth what efforts, if any, the employee assistant made to ascertain the names of the correction officers who signed the disbursement forms and what measures, if any, the assistant took to secure their presence at the hearing.   Under the circumstances, it cannot be said that "reasonable efforts were made to locate petitioner's witnesses" (*Matter of Davila v Selsky*, 48 AD3d 846, 847).

Furthermore, petitioner was denied the right to call a witness, i.e., the other inmate, as provided in the regulations (*see Matter of Barnes v LeFevre*, 69 NY2d 649, 650; *Matter of Robinson v Fischer*, 68 AD3d 1687, 1688).   "The hearsay report of a correction officer that a witness refuses to testify unaccompanied by any reason from the witness proffered to the [H]earing [O]fficer for such refusal is not a sufficient basis upon which an inmate's conditional right to call witnesses can be summarily denied" (*Barnes*, 69 NY2d at 650).

Entered:   March 21, 2014                          Frances E. Cafarell
                                                  Clerk of the Court

**EXHIBIT   H**

TO: SUPERINTENDENT, MARK L. BRADT                    c/34/16
    ATTICA CORRECTIONAL FACILITY
    P.O. BOX 149
    ATTICA, NEW YORK, 14011-0149

                    9/22/12

        REQESTING  DISCRETIONARY REVIEW

Dear SuperintendenT

     I am writing To you because my 14Th Amendments have been violated
from The dates of 9/14/12 and 9/21/12.

     My Employee assistant didnt bring me certain documents I requested
for  chapter V, Disbursements Iam accused of forging, didnt TalkeTo
any of The officers That signed The DisbursemenT forms.

     The Hearing officer Didn't make a inquire while The inmate refused To
Testified and The officers I requested for aT The hearing. The Misbehavior
reporT is noT in compliance with (D.O.C.C.'s) Standards.

     This  proceeding is in violation with (7 NYCRR 251-4.1, 4.2)(7NYCRR
251-3.1 [C][1]) (7NYCRR 254.5, 254.6[a][3]).

     Can you please look into This matTer.
                                            parsewl
                                            JArvis ElDER 09B0562
cc: on File                                 A.C.F.
                                            P.O. BOX 149
                                            ATTICA, N.Y. 14011-0149

# Attica Correctional Facility
## *Office of the Superintendent*

### M E M O R A N D U M

TO:      _Elder, J_      _09B0562_      _B19 - 10_
         (NAME)                 (DIN)            (CELL)

FROM:    Mark L. Bradt, Superintendent    *Bradt*

RE:      **Discretionary Review**

DATE:    _9 - 26 - 12_

As requested, a Discretionary Review was completed on your Tier III Hearing which was done on _9 - 21- 12_.

After review, I find no reason to modify the disposition rendered.

MLB/lb
c:    Guidance Unit
      Inmate Records
      File (2)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JARVIS ELDER, 09B0562

Plaintiff

-v-

_____ -CV-_____

J.McCARTHY,Sergeant
T.MACINTYRE, C.O/E.A.
KEN.KLING, Voc. Suprv./H.O
MARK L. BRADT, Superintendant
ABLERT PRACK, Dir. Special housing
                           Defendant

Application For Order Directing Services By U.S Marshal

I JARVSI ELDER, plaintiff in the above action, hereby request an
order of the court the U.S. Marshal for the Western District of
New York, pursuant to Fed, Civ.P. 4(c)(2), to serve the summons and
complaint in this action.

*Jarvis Elder 09B0562*

Signatire of Plaintiff

Date: 4/24//4

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF WASHINGTON )

I, ___JARVIS EIDER___ , being duly sworn, depose and say

that on the __24__ day of __April__ , 200__4__ ,

Petitioner/Defendant/Claimant, served upon the defendant/

respondent the annexed document(s) identified as:
Civil cover sheet, Motion to proceed in IFP,
Supporting Affirmation, Authorization, Exhibits, upon the following party:
complaint, Services by U.S. marshal

Office of The Clerk
2120 United States Courthouse
100 State Street
Rochester, New York 14614-1387

by placing the same in the mailbox at the Great Meadow Correctional

Facility, under the exclusive care and custody of the United

States Postal Service, by regular first class mail/certified

return receipt mail/ other.

_Jarvis Eidey_  09B0562

Sworn to before me this

__24__ day of __April__ , 201__4__ .

_____
NOTARY PUBLIC

JAMES M. TERRIO
Notary Public - State of New York
No. 01TE6217805
Qualified in Washington County
My Commission Expires February 22, 2018